YOLANDA PISAPIO, FALSELY CALLED YOLANDA ANTO-NELLI, PLAINTIFF, v. CHARLES EDIGIO ANTONELLI, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 15, 1952.

*Mr. Louis Santorf*, attorney for plaintiff.

*Mr. David Cohn*, attorney for defendant.

HEGARTY, A. M. By a notice of motion filed December 4, 1952, plaintiff seeks an order reinstating the above-titled cause to the trial calendar for final hearing, on the ground that the plaintiff misunderstood counsel in his representations and misunderstood the import of dismissing her action with prejudice, to which she consented. In effect, the court is asked to set aside and vacate the judgment of dismissal advised on May 5, 1952 to effectuate the process of reinstating the said suit.

Plaintiff's affidavit in support of her motion for relief shows:

"2. When I consented to a judgment of dismissal in the above action, I did not understand the import of what I was signing. I thought that my case was only going to be dismissed for that day, which was a final hearing day, but that I could proceed with it on any subsequent date that might be set by the Court. I, at no time, wanted my civil action to be dismissed either with or without prejudice. I have a *bona fide* cause of action and I desire to prosecute the same to a final judgment. I had no idea that my cause was dismissed with prejudice at the time I consented to such order."

The defendant is opposed to the vacating of the judgment of dismissal and reinstating the cause for trial. He urges that the judgment is possessed of finality that is beyond the power of the court to change in any manner whatsoever, and

that plaintiff having allowed the time to appeal to lapse is stripped of the right to the relief that she is seeking in this proceeding.

The action is for annulment of the marriage upon the ground of fraud in that the defendant, at the time of the marriage, had formed in his mind a definite decision and reservation that he would not accord to plaintiff the right to bear and have a child or children with the defendant following said marriage and defendant entered into said contract of marriage with the fixed mental reservation that he would not accord to plaintiff that right and that he did not communicate to the plaintiff that he had such mental reservation before or at the time of the marriage. Plaintiff entered into said marriage in good faith relying upon the assumption that the defendant intended to fulfill all of the obligations implicit in said contract of marriage, including the right and obligation to bear and have a child or children with the plaintiff, and without any knowledge that the defendant had resolved not to comply with said right and obligation, and that prior to and upon the said marriage the defendant entered into said contract of marriage with the agreement and consent to have plaintiff bear a child or children with defendant. The defendant refused to comply. That had the plaintiff known of defendant's mental reservation she would not have entered into said marriage. It was the defendant's duty to disclose to plaintiff, before entering into said marriage, his said mental reservation; that by virtue of the premises the defendant has been guilty of fraud involving the essence of said marriage contract and rendering the same voidable is the plaintiff's option.

The defendant's answer is in denial of the fraud charged against him, and sets up three separate defenses: (1) The allegations set forth in the bill of complaint fails to spell out a cause of action; (2) the allegations and charges in the bill of complaint, even if conceded to be true by this defendant, but which this defendant denies, nevertheless the plaintiff is barred from obtaining a judgment of annulment

in her favor and is estopped from obtaining a judgment by her conduct and by her words and knowledge, and the said defendant reserves, at or before the trial the right to move to dismiss the complaint, as the allegations fail to set forth the cause of action and that the said plaintiff cannot recover a judgment of annulment on the pleadings against the defendant herein; (3) the defendant denies he was guilty of any act of fraud, concealment or misrepresentation, or of any conduct that would entitle the plaintiff to prevail and obtain judgment of an annulment.

He demands that the complaint filed herein be dismissed with costs of suit.

Plaintiff's present motion, resting upon mistake, brings her application under one of the recognized grounds set forth in *Rule* 3:60–2 which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

The judgment of dismissal having been entered on May 5, 1952, and the motion herein made being appropriate and timely, I find and conclude, in the exercise of discretion, that the plaintiff's application should be granted and allowed.

An order may be presented for vacation of the judgment and reinstatement of the cause upon the active trial list. Counsel for plaintiff may submit such order for advising and filing after it has been approved as to form by attorney for defendant.